# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00256-STV

Benjamin Niston;
    **Plaintiff.**

v.

Officer Madison Zerfas, in her individual capacity; and
Sergeant Michael Kimbley, in his individual capacity.
    **Defendants.**

---

## DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (ECF 4)

---

Defendants, Officer Madison Zerfas and Sergeant Michael Kimbley, through their undersigned counsel, Hall & Evans, LLC, submit the following as their Answer, Defenses, and Affirmative Defenses to Plaintiff's Complaint (ECF 4) ("Complaint").

1.    The allegations set forth in paragraph 1 of the Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no response is required. To the extent the allegations of paragraph 1 of the Complaint are determined to be factual, said allegations are denied.

2.    These Defendants admit this Court has jurisdiction over the claims as set forth in Plaintiff's Complaint. These Defendants deny the remaining allegations set forth in paragraph 2 of the Complaint, including but not limited to the notion Plaintiff is entitled to any relief.

3.    These Defendants admit venue is proper in this Court, but deny the remaining allegations set forth in paragraph 3 of the Complaint.

4. The allegations set forth in paragraph 4 of the Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no response is required. To the extent the allegations of paragraph 4 of the Complaint are determined to be factual, said allegations are denied. These Defendants further deny Plaintiff is entitled to any relief whatsoever including but not limited to, recovery of attorneys' fees.

5. These Defendants admit the events as set forth in Plaintiff's Complaint, occurred in Boulder County, Colorado. These Defendants deny the remaining allegations set forth in paragraph 5 of the Complaint, if any.

## PARTIES

6. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 6 of the Complaint, requiring denial of same.

7. These Defendants admit at the time of the events as set forth in Plaintiff's Complaint, Officer Zerfas was acting within the course and scope of her employment with the City of Longmont Police Department. Based on information and belief, it appears Officer Zerfas is named in her "individual capacity."

8. These Defendants admit at the time of the events as set forth in Plaintiff's Complaint, Sergeant Kimbly was acting within the course and scope of his employment with the City of Longmont Police Department. Based on information and belief, it appears Sergeant Kimbley is named in his "individual capacity."

## STATEMENT OF FACTS

9. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 9 of the Complaint, requiring denial of same.

10. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 10 of the Complaint, requiring denial of same.

11. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 11 of the Complaint, requiring denial of same.

12. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 12 of the Complaint, requiring denial of same.

13. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 13 of the Complaint, requiring denial of same.

14. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 14 of the Complaint, requiring denial of same.

15. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 15 of the Complaint, requiring denial of same.

16. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 16 of the Complaint, requiring denial of same.

17. The allegations set forth in paragraph 17 of the Complaint, are denied.

18. The allegations set forth in paragraph 18 of the Complaint, are denied.

19. The allegations set forth in paragraph 19 of the Complaint, are denied.

20. The allegations set forth in paragraph 20 of the Complaint, are denied.

21. The allegations set forth in paragraph 21 of the Complaint, are denied.

22. The allegations set forth in paragraph 22 of the Complaint, are denied.

23. Officer Zerfas denies Plaintiff drove safely. Sergeant Kimbley was not present at this point, and therefore he has no knowledge or information regarding how Plaintiff drove at the

time as set forth in paragraph 23 of the Complaint, requiring denial of same. These Defendants deny the remaining allegations set forth in paragraph 23 of the Complaint.

24. These Defendants admit Officer Zerfas pulled Plaintiff over. The remaining allegations set forth in paragraph 24 of the Complaint, are denied.

25. The allegations set forth in paragraph 25 of the Complaint, are denied.

26. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 26 of the Complaint, requiring denial of same.

27. These Defendants admit Officer Zerfas and Plaintiff engaged in a conversation, but deny the remaining allegation set forth in paragraph 27 of the Complaint.

28. These Defendants admit Officer Zerfas and Plaintiff engaged in a conversation, but deny the remaining allegations set forth in paragraph 28 of the Complaint.

29. These Defendants admit Officer Zerfas claimed Plaintiff was driving on the wrong side of the road. The remaining allegations are denied.

30. The allegations set forth in paragraph 30 of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 30 of the Complaint are determined to be factual, said allegations are denied.

31. These Defendants admit Officer Zerfas and Plaintiff engaged in a conversation, but deny the remaining allegations set forth in paragraph 31 of the Complaint.

32. These Defendants admit Officer Zerfas and Plaintiff engaged in a conversation, but deny the remaining allegations set forth in paragraph 32 of the Complaint.

33. These Defendants admit at some point Plaintiff provided his driver's license and Officer Zerfas inquired as to how much Plaintiff had to drink. The remaining allegations set forth in paragraph 33 of the Complaint, are denied.

34. The allegations set forth in paragraph 34 of the Complaint, are denied.

35. These Defendants admit Officer Zerfas was generally trained in DUI enforcement, but deny the remaining allegations set forth in paragraph 35 of the Complaint.

36. These Defendants admit Officer Guerero was on-scene, but deny the remaining allegations set forth in paragraph 36 of the Complaint.

37. These Defendants admit Plaintiff was asked to perform standardized field sobriety tests. The remaining allegations set forth in paragraph 37 of the Complaint, are denied.

38. These Defendants admit at some point, Plaintiff exited his vehicle. The remaining allegations set forth in paragraph 38 of the Complaint are denied.

39. These Defendants admit Officer Zerfas and Plaintiff engaged in a conversation, but deny the remaining allegations set forth in paragraph 39 of the Complaint.

40. These Defendants admit Officer Zerfas administered certain tests to determine if Plaintiff's was impaired. The remaining allegations set forth in paragraph 40 of the Complaint, are denied.

41. The allegations set forth in paragraph 41 of the Complaint, are denied.

42. These Defendants admit Officer Zerfas administered certain tests to determine if Plaintiff's was impaired. The remaining allegations set forth in paragraph 42 of the Complaint, are denied.

43. These Defendants admit Officer Zerfas administered certain tests to determine if Plaintiff's was impaired. The remaining allegations set forth in paragraph 43 of the Complaint, are denied.

44. These Defendants admit Officer Zerfas did not observe any indicators from Plaintiff during the test. Plaintiff, however, did pause part way through the test to ask how high to count, and Officer Zerfas had to remind Plaintiff to continue counting until told to stop. The remaining allegations set forth in paragraph 44 of the Complaint, are denied.

45. These Defendants admit Officer Zerfas was trained in DUI enforcement, but deny the remaining allegations set forth in paragraph 45 of the Complaint.

46. These Defendants admit the allegations in paragraph 46 of the Complaint.

47. These Defendants admit Sergeant Kimbley assisted with the Intoxilyzer. The remaining allegations set forth in paragraph 47 of the Complaint, are denied.

48. These Defendants admit Sergeant Kimbly advised Plaintiff he would be the operator conducting the EBAT, and explained they would be waiting for a twenty-minute observation period prior to administering the test. The remaining allegations set forth in paragraph 48 of the Complaint, are denied.

49. These Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. The Intoxilyzer results speak for themselves. The remaining allegations set forth in paragraph 50 of the Complaint, are denied.

51. These Defendants admit DWAI means Driving While Ability Impaired and any conversations between Plaintiff and the Defendants, speaks for themselves. The remaining allegations set forth in paragraph 51 of the Complaint, are denied.

52. These Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. These Defendants admit Plaintiff was placed in a holding cell. These Defendants also admit they had numerous conversations throughout the night, but deny the remaining allegations set forth in paragraph 53 of the Complaint.

54. These Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. The discussions between Plaintiff and the Defendants speaks for itself. The remaining allegations set forth in paragraph 55 of the Complaint, are denied.

56. These Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. These Defendants admit a blood draw was performed by a paramedic, most likely with a needle, since that is how blood draws are usually done. The remaining allegations set forth in paragraph 57 of the Complaint, are denied.

58. The allegations set forth in paragraph 58 of the Complaint, purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 58 of the Complaint are determined to be factual, said allegations are denied.

59. These Defendants admit the allegations set forth in paragraph 59 of the Complaint.

60. These Defendants are without knowledge or information regarding the allegations set forth in paragraph 60 of the Complaint, requiring denial of same.

61. These Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. These Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. The report speaks for itself. These Defendants deny the remaining allegations set forth in paragraph 63 of the Complaint.

64. The report speaks for itself. These Defendants deny the remaining allegations set forth in paragraph 64 of the Complaint.

65. These Defendants admit the allegations set forth in paragraph 65 of the Complaint.

66. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 66 of the Complaint, requiring denial of same.

67. These Defendants are without sufficient knowledge or information regarding the allegations set forth in paragraph 67 of the Complaint, requiring denial of same.

68. These Defendants deny any wrongdoing. The remaining allegations set forth in paragraph 68 of the Complaint, are denied.

69. These Defendants admit Officer Zerfas received Plaintiff's blood results, which speak for themselves.

70. These Defendants are without sufficient knowledge or information regarding the status of the criminal matter, requiring denial of any such allegations in paragraph 70 of the Complaint. These Defendants deny the remaining allegations set forth in paragraph 70 of the Complaint.

71. Based on information and belief, these Defendants admit the criminal matter against Plaintiff was dismissed. These Defendants deny the remaining allegations set forth in paragraph 71 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Section 13-21-131-Arrest Without Probable Cause**
**(against Officer Zerfas)**

These Defendants deny any allegations set forth between paragraphs 71 and 72 of the Complaint.

8

72. These Defendants restate their responses to paragraphs 1 to 71 of the Complaint, as though fully set forth herein.

Paragraphs 73 to 85: The allegations set forth in paragraphs 73 to 85 of the Complaint, do not purport to be directed to Sergeant Kimbley, and therefore no response is provided on his behalf. To the extent the allegations set forth in paragraphs 73 to 85 of the Complaint are determined to be directed to Sergeant Kimbley, said allegations are denied.

73. The allegations set forth in paragraph 73 of the Complaint, purport to set forth a legal conclusion, to which no response is provided. To the extent the allegations set forth in paragraph 73 of the Complaint are determined to be factual, Officer Zerfas states the cited provision(s) speaks for itself. The remaining allegations set forth in paragraph 73 of the Complaint, are denied.

74. The allegations set forth in paragraph 74 of the Complaint, purport to set forth a legal conclusion, to which no response is provided. To the extent the allegations set forth in paragraph 74 of the Complaint are determined to be factual, Officer Zerfas states the cited provision(s) speaks for itself. The remaining allegations set forth in paragraph 74 of the Complaint, are denied.

75. Officer Zerfas admits at the time of the events as set forth in the Complaint, she was acting within the course and scope of her employment as a police officer, with the City of Longmont, Colorado. The remaining allegations set forth in paragraph 75 of the Complaint, are denied.

76. Officer Zerfas denies the allegations set forth in paragraph 76 of the Complaint.

77. Officer Zerfas denies the allegations set forth in paragraph 77 of the Complaint.

78. Officer Zerfas denies the allegations set forth in paragraph 78 of the Complaint.

79. Officer Zerfas denies the allegations set forth in paragraph 79 of the Complaint.

80. Officer Zerfas denies the allegations set forth in paragraph 80 of the Complaint.

81. Officer Zerfas denies the allegations set forth in paragraph 81 of the Complaint.

82. Officer Zerfas denies the allegations set forth in paragraph 82 of the Complaint.

83. Officer Zerfas denies the allegations set forth in paragraph 83 of the Complaint.

84. Officer Zerfas denies the allegations set forth in paragraph 84 of the Complaint.

85. Officer Zerfas denies the allegations set forth in paragraph 85 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983-Fourth Amendment-Arrest Without Probable Cause**
**(against Officer Zerfas)**

These Defendants deny any allegations set forth between paragraphs 85 and 86 of the Complaint.

86. These Defendants restate their responses to paragraphs 1 to 85 of the Complaint, as though fully set forth herein.

Paragraphs 87 to 91. The allegations set forth in paragraphs 87 to 91 of the Complaint, do not purport to be directed to Sergeant Kimbley, and therefore no response is provided on his behalf. To the extent the allegations set forth in paragraphs 87 to 91 of the Complaint are determined to be directed to Sergeant Kimbley, said allegations are denied.

87. Officer Zerfas denies the allegations set forth in paragraph 87 of the Complaint.

88. Officer Zerfas denies the allegations set forth in paragraph 88 of the Complaint.

89. Officer Zerfas denies the allegations set forth in paragraph 89 of the Complaint.

90. Officer Zerfas denies the allegations set forth in paragraph 90 of the Complaint.

91. Officer Zerfas denies the allegations set forth in paragraph 91 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**C.R.S. § 13-21-131-Malicious Prosecution**
**(Officer Zerfas)**

These Defendants deny any allegations set forth between paragraphs 91 to 92 of the Complaint.

92. These Defendants restate their responses to paragraphs 1 to 91 of the Complaint, as though fully set forth herein.

Paragraphs 93 to 101: The allegations set forth in paragraphs 93 to 101 of the Complaint, do not purport to be directed to Sergeant Kimbley, and therefore no response is provided on his behalf. To the extent the allegations set forth in paragraphs 93 to 101 of the Complaint are determined to be directed to Sergeant Kimbley, said allegations are denied.

93. The quoted section(s) speaks for itself, and therefore no response is required. The remaining allegations set forth in paragraph 93 of the Complaint, are denied.

94. Officer Zerfas denies the allegations set forth in paragraph 94 of the Complaint.

95. Officer Zerfas denies the allegations set forth in paragraph 95 of the Complaint.

96. Officer Zerfas denies the allegations set forth in paragraph 96 of the Complaint.

97. Officer Zerfas denies the allegations set forth in paragraph 97 of the Complaint.

98. Officer Zerfas denies the allegations set forth in paragraph 98 of the Complaint.

99. Officer Zerfas denies the allegations set forth in paragraph 99 of the Complaint.

100. Officer Zerfas denies the allegations set forth in paragraph 100 of the Complaint.

101. Officer Zerfas denies the allegations set forth in paragraph 101 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983-Malicious Prosecution, Fourth Amendment**
**(Officer Zerfas)**

These Defendants deny any allegations set forth between paragraphs 101 and 102 of the Complaint.

102. These Defendants restate their responses to paragraphs 1 to 101 of the Complaint, as though fully set forth herein.

Paragraphs 103 to 108: The allegations set forth in paragraphs 103 to 108 of the Complaint, do not purport to be directed to Sergeant Kimbley, and therefore no response is provided on his behalf. To the extent the allegations set forth in paragraphs 103 to 108 of the Complaint are determined to be directed to Sergeant Kimbley, said allegations are denied.

103. Officer Zerfas denies the allegations set forth in paragraph 103 of the Complaint.

104. Officer Zerfas denies the allegations set forth in paragraph 104 of the Complaint.

105. Officer Zerfas denies the allegations set forth in paragraph 105 of the Complaint.

106. Officer Zerfas denies the allegations set forth in paragraph 106 of the Complaint.

107. Officer Zerfas denies the allegations set forth in paragraph 107 of the Complaint.

108. Officer Zerfas denies the allegations set forth in paragraph 108 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**C.R.S. § 13-21-131-Unlawful Seizure/Detention, Unlawful Search**
**(detention after breath test and subjecting to unlawful blood test)**
**(Sergeant Kimbly and Officer Zerfas)**

109. These Defendants restate their responses to paragraphs 1 to 108 of the Complaint, as though fully set forth herein.

110. The cited section(s) speaks for itself. The remaining allegations set forth in paragraph 110 of the Complaint, if any, are denied.

111. The cited section(s) speaks for itself. The remaining allegations set forth in paragraph 111 of the Complaint, if any, are denied.

112. These Defendants admit at the time of the events set forth in the Complaint, they were acting with in the course and scope of their employment with the City of Longmont Police Department. The remaining allegations set forth in paragraph 112 of the Complaint, are denied.

113. These Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114. These Defendants deny the allegations set forth in paragraph 114 of the Complaint.

SIXTH CLAIM FOR RELIEF

**42 U.S.C. § 1983- Unlawful Seizure/Detention, Unlawful Search**
**(detention after breath test and subjecting to unlawful blood test)**
**(Sergeant Kimbly and Officer Zerfas)**

115. These Defendants restate their responses to paragraphs 1 to 114 of the Complaint, as though fully set forth herein.

116. These Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117. These Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. These Defendants deny the allegations set forth in paragraph 118 of the Complaint.

**GENERAL DENIALS**

119. These Defendants deny any and all allegations set forth after the word "WHEREFORE" on page 15 of the Complaint.

120. These Defendants deny Plaintiff is entitled to any relief whatsoever, including but not limited to attorneys' fees.

121. These Defendants deny each and every allegation not specifically admitted herein.

**DEMAND FOR JURY TRIAL**

The Defendants demand a trial by jury of all clams in this matter.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Probable cause existed supporting Plaintiff's arrest.

3. Plaintiff is not entitled to any relief being sought or claimed in the Complaint under any legal theories asserted therein.

4. On information and belief, some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action omission of or by the Defendants, nor proximately caused by or related to any act or omission of the Defendants.

5. All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983. In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability.

6. All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under State law. In addition, no claim pursuant to State law, may be grounded in any theory of *respondeat superior* or vicarious liability.

7. Plaintiff's injuries and damages, if any, in whole or in part, were proximately caused by their own acts or omissions, either in combination with one another or independent of one another.

8. Plaintiff cannot satisfy all or some of the prerequisites to a grant of injunctive or declaratory relief in this matter. Any request for injunctive or declaratory relief is moot.

9. The Defendants are not liable for any punitive damages pursuant to state or federal law.

10. The Defendants reserve their rights to assert other or additional defenses and affirmative defenses as may become known in the course of proceedings.

WHEREFORE, after answering all the allegations in Plaintiff's Complaint requiring a response, Officer Madison Zerfas and Sergeant Michael Kimbley, request the Court enter an order dismissing all elements of all claims against it, awarding it costs and attorneys' fees, and ordering any other relief as deemed just.

Respectfully submitted this 10th day of March 2025.

s/ *Mark S. Ratner*
Mark S. Ratner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
**ATTORNEYS FOR DEFENDANTS**

15

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 10th day of March 2025, a true and correct copy of the foregoing **DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (ECF 4)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Sarah Schielke, Esq.
sarah@lifeandlibertylaw.com

*s/ Sarah Stefanick*